UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES O'SHEA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **2:20-cv-1616-KOB** |
| **OMI HOLDINGS, INC.** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff James O'Shea's "Motion to Alter Judgment Dismissing Case." (Doc. 30). This court previously dismissed with prejudice Mr. O'Shea's complaint in its entirety. (Docs. 28, 29). O'Shea now requests that the court alter that decision. Defendant OMi Holdings, Inc. responded to the motion, (doc. 32), and O'Shea replied, (doc. 33). After reviewing these materials, the court denies O'Shea's motion and stands by its prior ruling.

Mr. O'Shea's motion asks the court to alter its dismissal of his claims for breach of contract, declaratory judgment, and fraud.[1] (Doc. 30 at 1). The court may entertain such motions under Federal Rule of Civil Procedure 59(e). A party moving to alter a judgment under Rule 59 faces a steep burden: "The only grounds

---

[1] O'Shea does not challenge the court's dismissal of his claims against the two individual defendants, Tom Codiana and Robert Bunnell.

1

for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). Put differently, a party "cannot use a Rule 59(e) motion to relitigate old matters." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

     Here, Mr. O'Shea's breach of contract and declaratory judgment claims rest on whether OMi Holdings granted him a vested interest in thirty percent of the company's Southeast Aftermarket Operation. (Doc. 33 at 1). In the motion to dismiss opinion, the court specifically found that the "phantom stock" arrangement under the parties' employment agreement granted no vested right or ownership interest. *See* (doc. 28 at 12). The court also found that the agreement's termination provision unambiguously made O'Shea's rights "contingent upon his continued employment." (*Id.* at 13).

     Mr. O'Shea's current motion fails to show newly discovered evidence or manifest errors of law or fact with the court's prior findings. *See Arthur*, 500 F.3d at 1343. Aside from a vague reference to "appellate cases from across the United States" with no citations, O'Shea cites to no law or authority in his briefs. (Doc. 30 at 3). And his argument that he received a vested property interest under the employment agreement merely disputes this court's prior finding to the contrary. Most importantly, O'Shea has not convinced the court that the agreement's

termination provision is ambiguous or that the court interpreted it in a manifestly erroneous manner. Thus, the court finds that Mr. O'Shea's arguments regarding the breach of contract and declaratory judgment claims amount to little more than an attempt to relitigate the issues. *See Michael Linet, Inc.*, 408 F.3d at 763.

Mr. O'Shea's arguments regarding fraud fare no better. The court previously found that O'Shea's fraud claims were time-barred because "Mr. O'Shea unreasonably relied on Defendants' representations about ownership rights at the time of the Agreement." (Doc. 28 at 19). Here, Mr. O'Shea presents no new law or facts that would show a "manifest error" with this finding. *See Arthur*, 500 F.3d at 1343. O'Shea argues that the court's conclusions were "not correct"; this is a classic relitigation attempt. (Doc. 30 at 5).

Mr. O'Shea fails to meet his burden to convince the court to alter its dismissal decision. Thus, the court **DENIES** Mr. O'Shea's motion. (Doc. 28).

**DONE** and **ORDERED** this 29th day of November, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE

3